UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON RUBENSTEIN,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL VALUE ADVISERS, LLC, CHARLES DE VAULX, CHARLES DE LARDEMELLE, and JOHN DOE, *an unidentified IVA client*,<br><br>Defendants,<br><br>and<br><br>ADTALEM GLOBAL EDUCATION SERVICES (f/k/a DEVRY EDUCATION GROUP, INC.),<br><br>Nominal Defendant. | 18 Civ. 81<br>No. _____<br>(ECF Case)<br><br>**COMPLAINT<br>FOR RECOVERY OF<br>SHORT-SWING PROFITS<br>UNDER 15 U.S.C. § 78p(b)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Aaron Rubenstein ("Plaintiff"), by his attorneys, as and for his Complaint herein, respectfully alleges as follows on knowledge as to himself and his own acts, and on information and belief as to all other matters:

**NATURE OF ACTION**

1. This is an action to recover "short-swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2. Section 16(b) is a strict liability statute. A plaintiff must prove only that the defendant was an insider of a public company who profited from the purchase and sale of the company's stock or derivative securities within a period of less than six months. Evidence of the defendant's intent, misuse of information, or bad faith is irrelevant and not required. Section 16(b)

is not punitive and insiders are simply obligated to disgorge any profits realized from trading in violation of the Act.

3. Defendant International Value Advisers, LLC ("IVA"), and Defendants Charles de Vaulx and Charles de Lardemelle (collectively, the "Portfolio Managers," and together with IVA, the "IVA Defendants"), at all relevant times, were and are insiders of Nominal Defendant AdTalem Global Education Services, f/k/a DeVry Education Group, Inc. (hereafter, "DeVry" or the "Company"), as beneficial owners of more than 10% of a class of DeVry equity securities (common stock), and/or directors by "deputization" of DeVry.

4. The John Doe Defendant is the owner of a brokerage trading account holding shares of DeVry common stock, and managed with respect to the acquisition, holding, voting, and disposition of shares, by the IVA Defendants. The identity of the John Doe Defendant (the "Managed Account Owner") has not been publicly disclosed and will need to be discovered from the IVA Defendants.

5. At all times relevant to this Complaint, IVA, through the Portfolio Managers who control IVA, formed a control purpose with respect to DeVry, seeking and obtaining the appointment of IVA's Managing Partner Michael W. Malafronte to the DeVry Board in order to represent the investment interests of the IVA Defendants and the IVA customers invested in DeVry, including the Managed Account Owner.

6. DeVry consented to IVA's appointment of a Board representative, in deference to IVA's more than 10% beneficial ownership position achieved, *inter alia*, by aggregating the DeVry holdings of IVA's customers, including the Managed Account Owner, under the collective voting and investment control of the IVA Defendants.

7. By aggregating the DeVry securities held in the Managed Account together with the cumulative DeVry securities held under the IVA Defendants' collective investment authority with the purpose and effect of influencing or controlling DeVry, including through Mr. Malafronte as IVA's DeVry Board representative, the IVA Defendants formed and constituted a "group" with the Managed Account Owner, for purposes of both Sections 13(d) and Section 16 of the Act.

8. The IVA Defendants had a pecuniary interest in the Managed Account and in the DeVry securities held in the Managed Account.

9. The Managed Account Owner had a pecuniary interest in the Managed Account and the DeVry securities held by the IVA Defendants in the Managed Account.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to Section 27 of the Act, 15 U.S.C. § 78aa.

11. Venue is proper in this Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa. Defendant IVA is headquartered, and all IVA Defendants maintain principal offices, within this District. The IVA Defendants are investment advisors, headquartered with principal offices within the District, and conduct extensive business, chiefly involving the trading of securities, including DeVry securities, on exchanges within the District. Nominal Defendant DeVry operates and maintains a widely advertised "Midtown Manhattan Campus" where tuition-paying students are enrolled in live programming offered by DeVry within the District. The common stock of DeVry is traded on the New York Stock Exchange ("NYSE"), a national securities exchange located and headquartered within this District. Some or all of the transactions giving rise to Section 16(b) liability, as further described herein, occurred or were executed on the NYSE or otherwise within this District.

## **THE PARTIES**

12. Plaintiff Aaron Rubenstein is a Rhode Island resident and a shareholder of DeVry.

13. DeVry is an Illinois corporation with principal offices at 3005 Highland Parkway, Downers Grove, IL 60515. DeVry is a private educational institution offering a variety of online degree programs for nationwide student enrollment, and additional live educational programming at physical campus locations in several states, including the "Midtown Manhattan Campus" operated by DeVry within this District. This action is brought in the right and for the benefit of DeVry, which is named as Nominal Defendant solely to have all necessary parties before the Court.

14. IVA is an investment advisor and serves as the investment manager for various managed accounts, including the Managed Account held on behalf of and by agreement with the Managed Account Owner named as the John Doe Defendant. The Portfolio Managers are authorized to make investment and voting decisions on behalf of IVA and any customers delegating investment and voting authority to IVA, including the Managed Account Owner. The IVA Defendants have their principal offices or are otherwise found at 717 Fifth Avenue, 10th Floor, New York NY, 10022.

15. The John Doe Defendant is the IVA client and owner of the Managed Account designating IVA as the custodian and discretionary investment manager for the Managed Account. The identity of the John Doe Managed Account Owner Defendant has not been publicly disclosed by the IVA Defendants, and will need to be discovered.

16. The IVA Defendants and the Managed Account Owner are hereafter referred to collectively as the "Defendants."

**STATUTORY REQUISITES**

17.     At all relevant times (meaning the times of trading activity to be described herein), the common stock of DeVry was registered pursuant to Section 12(b) of the Act, 15 U.S.C. § 78*l*.

18.     At all relevant times, the Defendants were members of a "group" under standards applicable to Sections 13 and 16 of the Act. Each Defendant and group member was individually attributed with the group's collective beneficial ownership of DeVry common stock exceeding the 10% threshold under Section 16, and treated as an independent statutory insider of DeVry.

19.     Demand for prosecution was first made on November 30, 2016. Plaintiff's counsel was informed, first by counsel for DeVry and subsequently by counsel for IVA, that the Defendants deny any liability under Section 16(b) of the Act. As of the date of this Complaint, Defendants have not disgorged short swing profits to DeVry arising from the trades identified in Plaintiff's demand letter and further described herein. Delay in the filing of suit would be a futile gesture.

20.     This action is brought within two years of the occurrence of the violations described herein, or within two years of the time when reports disclosing the violations were first filed with the Securities & Exchange Commission (the "SEC").

**BACKGROUND**

21.     On or about June 22, 2016, the Defendants filed an initial Schedule 13D with the SEC in which they disclosed their aggregate beneficial ownership of approximately 19.5% of the outstanding shares of DeVry common stock. Their Schedule 13D stated:

> "Consistent with its investment research methods and evaluation criteria, the Reporting Persons [the IVA Defendants] have discussed and may further discuss such matters [referring to, *inter alia,* DeVry's operations, prospects, business development, management, competition, and corporate strategies] with management or directors of the Issuer [DeVry], other shareholders, industry analysts, existing or potential strategic partners or competitors, investment and financing professionals, sources of credit and other investors. Such factors and discussions may materially affect, and result in, the [IVA Defendants'] modifying

5

their ownership of [DeVry's] Shares, exchanging information with [DeVry] pursuant to appropriate confidentiality or similar agreements, proposing changes in [DeVry's] operations or board of directors, governance or capitalization, or in proposing one or more of the other actions described in subsections (a) through (j) of Item 4 of Schedule 13D [which refers to and requires disclosure of any plans with "change of control" potential, e.g., board appointments, recapitalizations, and major corporate transactions]…

The [IVA Defendants] reserve the right to formulate other plans and/or make other proposals, and take such actions with respect to their investment in [DeVry], including any or all of the actions set forth in paragraphs (a) through (j) of Item 4 of Schedule 13D, or acquire additional Shares or dispose of all the Shares beneficially owned by them, in the public market or privately negotiated transactions. The [IVA Defendants] may at any time reconsider and change their plans or proposals relating to the foregoing."

22. Among the DeVry shares included in the beneficial ownership reported by the Defendants were shares of DeVry in the Managed Account held within IVA's custody and discretionary voting and investment authority by agreement with the unidentified IVA client and Managed Account Owner named as the John Doe Defendant (pending discovery).

23. As a result of the "change of control" actions contemplated by the Defendants, the IVA Defendants became ineligible, from at least June 13, 2016, the date on which their DeVry control intentions were purportedly adopted, to claim any exemption from the Section 16 reporting and disgorgement obligations that may have previously been available to them as "investment advisors" for the Managed Account under SEC Rule 16a-1(a)(1)(v).

24. Given IVA's stated adoption of a DeVry control purpose on behalf of the Defendants as of June 13, 2016, or (alternatively, and at the latest), by June 22, 2016, when IVA filed an initial Schedule 13D announcing the DeVry control purpose adopted on behalf of all Defendants (as required), the Managed Account Owner understood, agreed to, and authorized—either affirmatively, or through silence and the continued designation of the IVA Defendants as their agents and discretionary investment managers—the DeVry "change of control" strategy

implemented by the IVA Defendants for the purpose of increasing the value of the DeVry shares held in the Managed Account for the collective benefit of all Defendants.

25. As a result of IVA's disclosed "change of control" intentions and actions authorized and consented to by the Managed Account Owner, the Managed Account Owner formed a Section 13(d) "group" with the IVA Defendants, and all Defendants became subject to Section 16 as individual statutory "insiders" in their own right.

26. Additionally, as a participating member of the DeVry control-purpose group formed by the IVA Defendants, the Managed Account Owner was or became ineligible to claim any "beneficial ownership" or Section 16 exemption previously or otherwise available to the DeVry securities held in the Managed Account within the shared investment or voting authority of the Managed Account Owner and the IVA Defendants, under SEC Rule 16a-1(a)(1).

27. The DeVry control efforts planned and undertaken by the Defendants, and referenced in Item 4 of their June 22, 2016 initial Schedule 13D, included the appointment of IVA Managing Partner Michael W. Malafronte to the DeVry Board of Directors on or about June 30, 2016, as disclosed in the Schedule 13D Amendment No. 1 filed by or on behalf of the Defendants on that date. DeVry agreed to Mr. Malafronte's appointment to the Board as IVA's representative and "deputy," pursuant to a June 29, 2016 Support Agreement between DeVry and IVA, conditioned upon IVA's continued beneficial ownership of more than 10% of the outstanding common stock of DeVry, including any DeVry shares held in the Managed Account.

28. By Letter Agreement dated October 3, 2017, DeVry and IVA amended the Support Agreement described above to reflect DeVry's continued agreement to Mr. Malafronte's Board appointment as IVA's deputy for the purpose of representing the interests and advancing the investment goals adopted by or on behalf of all Defendants, including the Managed Account

Owner, notwithstanding their collective beneficial ownership of less than 10% of DeVry common stock. Mr. Malafronte remains on the DeVry Board and continues to represent the collective interests of the Defendants and IVA-group members as their "deputized" director at the time of filing of this Complaint.

29.     Given IVA's continued, disclosed position of influence over DeVry's management as a director by deputization and statutory Section 16 insider, all Defendants, including the Managed Account Owner, under common control with IVA, are participating members of IVA's DeVry control group. Each Defendant remains individually subject to Section 16, and all Defendants remain ineligible for any beneficial ownership exclusion or Section 16 exemption otherwise available to any DeVry securities held within their collective investment or voting authority and proportional pecuniary interest under applicable SEC Rules.

30.     Between June 13, 2016, and on an ongoing basis through the date of this Complaint, the Managed Account Owner, together with the IVA Defendants, engaged in purchases and sales of DeVry common stock during periods of less than six months, which resulted in their realization of profits recoverable under Section 16(b), as further described in COUNT I.

### COUNT I: Profits Recoverable Under Section 16(b)

31.     Plaintiff repeats and re-alleges the allegations contained in the preceding 30 Paragraphs.

32.     The identity of the Managed Account Owner, and any additional shareholders with a shared beneficial ownership or underlying pecuniary interest in the Managed Account, will need to be established through discovery, as the Schedules 13D and 13D/A filed by the IVA Defendants do not name them. Additionally, SEC Forms 3 and 4 have not been filed for the entire IVA-led

group, or by or on behalf of all individual members of the group, including the Managed Account Owner, as required under Section 16(a) and applicable SEC Rules.

33. Defendants, while members of the Section 13(d) "group" organized by IVA, executed or authorized the following purchase of DeVry securities by or in the Managed Account:

**Purchase of DeVry shares in the unidentified IVA "Managed Account"**

| Date | No. Shares Purchased | Price/share |
|---|---|---|
| July 18, 2016 | 31,847 | $22.04 |

34. Less than six months following the above purchase of DeVry shares by the Defendants in the Managed Account, the IVA Defendants executed or authorized the following sales of shares of DeVry common stock in one or more unidentified "managed accounts," including the Managed Account:

**Higher-priced Sales of DeVry securities in unidentified IVA "managed accounts,"** *including the Managed Account*, **within six-month period**

| Date | No. Shares Sold | Price/share |
|---|---|---|
| June 16, 2016 | 11,096 | $17.33 |
| July 18, 2016 | 24,578 | $22.06 |
| August 16, 2016 | 55,022 | $22.12 |
| August 22, 2016 | 15,511 | $24.80 |
| August 22, 2016 | 20,858 | $24.64 |
| August 23, 2016 | 43,360 | $24.55 |
| August 24, 2016 | 65,985 | $23.98 |
| August 25, 2016 | 52,761 | $23.82 |
| October 10, 2016 | 6,735 | $23.51 |
| October 11, 2016 | 426 | $23.50 |
| October 13, 2016 | 7,565 | $23.52 |
| October 26, 2016 | 7,791 | $23.53 |
| October 27, 2016 | 19,355 | $23.53 |
| October 28, 2016 | 1,885 | $23.51 |
| November 2, 2016 | 7,867 | $23.79 |
| November 3, 2016 | 18,880 | $23.53 |
| November 7, 2016 | 10,315 | $23.62 |

| Date | No. Shares Sold | Price/share |
|---|---|---|
| November 8, 2016 | 24,014 | $23.55 |
| November 9, 2016 | 229,590 | $25.40 |
| November 10, 2016 | 81,034 | $26.54 |
| November 11, 2016 | 92,305 | $27.93 |
| November 14, 2016 | 35,046 | $27.91 |
| November 15, 2016 | 19,467 | $27.84 |
| November 16. 2016 | 22,053 | $28.02 |
| November 17, 2016 | 84,499 | $28.35 |
| November 18, 2016 | 7,709 | $28.27 |
| November 21, 2016 | 48,164 | $28.01 |
| November 23, 2016 | 121,604 | $29.33 |
| November 29, 2016 | 4,698 | $29.60 |
| December 1, 2016 | 2,460 | $30.00 |
| December 2, 2016 | 43,597 | $29.69 |
| December 5, 2016 | 48,278 | $29.70 |
| December 7, 2016 | 6,039 | $31.18 |
| December 7, 2016 | 79,201 | $31.25 |
| December 8, 2016 | 84,271 | $31.16 |
| December 12, 2016 | 9,328 | $31.28 |
| December 13, 2016 | 55,066 | $31.13 |
| December 14, 2016 | 109,769 | $30.97 |
| December 15, 2016 | 96,202 | $31.48 |
| December 16, 2016 | 21,250 | $32.05 |
| December 19, 2016 | 108,843 | $32.13 |
| December 20, 2016 | 42,479 | $32.33 |
| December 21, 2016 | 33,068 | $31.98 |
| December 22, 2016 | 38,675 | $31.88 |

35. Subject to revision following discovery of the sales executed in the Managed Account or otherwise by or on behalf of the Defendants with an underlying pecuniary interest in the Managed Account, total short swing profits realized by the Defendants are preliminarily estimated at up to $327,705.63.

36. Each of the IVA Defendants (or any of them), benefitted from the foregoing trades through a performance-based fee arrangement sufficient to qualify as a pecuniary interest in the transactions under applicable SEC Rules.

37. The proportional amount of recoverable profits realized by any IVA Defendant will require discovery of their management contracts and books and records, and cannot be estimated at the time of filing of this Complaint.

## COUNT II

38. COUNT II is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades undertaken by any of the Defendants, or any shareholder and group member under common control with any of the Defendants, during the course of this action. None of the Defendants has filed any Form 4 with the SEC to report their transactions in IVA "managed accounts," including the Managed Account, as required by Section 16(a) of the Act.

39. Defendants, while members of the Section 13(d) "group" organized by the IVA Defendants, and acting during periods not barred by the statute of limitations measured from the date of the filing of this Complaint, purchased and sold (or sold and purchased) DeVry equity securities (or equity security equivalents), within periods of less than six months (including, but not limited to, the transactions pleaded in COUNT I).

40. By reason of such purchases and sales (or sales and purchases), of DeVry equity securities (or equity security equivalents), within periods of less than six months, and while insiders of the Company, Defendants realized profits in exact amounts unknown to Plaintiff, which inure to the benefit and are recoverable by Plaintiff on behalf of DeVry.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment:

(a) Requiring Defendants to account for and pay to DeVry the short swing profits recoverable from him under the Act, together with appropriate pre- and post-judgment interest and costs of this suit;

(b) awarding to Plaintiff his costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c) granting such other and further relief as the Court deems just and proper.

Dated: January 5, 2018

*s/ David Lopez*

David Lopez (DL-6779)
Law Offices of David Lopez
171 Edge of Woods Road (PO Box 323)
Southampton, New York 11968
Telephone: (631) 287-5520
Email: DavidLopezEsq@aol.com
*Attorney for Plaintiff*

*s/ Miriam Tauber*

Miriam Tauber (MT-1979)
Miriam Tauber Law PLLC
885 Park Avenue 2A
New York, New York 10075
Telephone: (323) 790-4881
Email: MiriamTauberLaw@gmail.com
*Attorney for Plaintiff*